**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No:

Kathleen M. Hamm,

    Plaintiff

v.

HOME DEPOT USA, INC., d/b/a THE HOME DEPOT and THD AT-HOME SERVICES, INC., d/b/a THE HOME DEPOT AT HOME SERVICES,

    Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff Kathleen M. Hamm, through her attorney, Dana N. Mumey of the Law Offices of Dana N. Mumey, LLC, submits this Complaint and Jury Demand against the Defendants as follows:

## I. INTRODUCTION

1. Plaintiff brings this action for gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e, *et seq.* and also brings claims under Colorado law for termination in violation of the public policy of Colorado prohibiting discrimination based on gender, and Colorado statutes C.R.S.§ 24-34-401 (7.5) and C.R.S § 24-34-402 (1.) (a) ("CADA") prohibiting discharge and discrimination on the basis of sexual orientation.

2. The Defendants in this action are businesses involved in do it yourself

1

home improvement projects, and specialists employed by Home Depot to design and complete home improvement projects for customers.

3. Ms. Hamm was the top producer in her area and was a member of the Million Dollar club, created for specialists who designed projects that brought in a Million dollars of revenue. She received all her customer appointments ("leads") from her boss, Jon Trampe on a daily basis. She was terminated for missing two leads, which she did not receive from Mr. Trampe until after the time for the appointments had come and gone.

## II. JURSDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. §§1331 and 1343 and Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. This action is authorized and instituted under Title VII of the Civil Rights Act of 1964, as amended , 42 U.S.C. §2000e, et seq.("Title VII"), and Colorado State Statute C.R.S. 24-34-402(1) (a).

6. Venue is proper in this Court pursuant to 28 U.S.C § 1391 (b) and 42 U.S.C. . §2000 e-5 (f)(3)because a substantial part of the events giving rise to the claims alleged herein, including the unlawful employment practices, occurred within the jurisdiction boundaries of the United States District Court for the District of Colorado.

7. The Plaintiff has met all procedural prerequisites under 42 U.S.C. §2000 e-5 (f)(1)for filing her claims against the Defendants. She filed a timely Charge of Discrimination alleging discrimination on the basis of her gender and sexual orientation against the Defendants with the Equal Employment Opportunity Commission ("EEOC") and received Demand is being filed within 90 days of the issuance of the Notice of the Right to Sue letter from the EEOC.

### III. PARTIES

8.  Plaintiff Kathleen M. Hamm is a resident of Colorado and was a resident of Colorado during the relevant times alleged in this Complaint.

9.  At all relevant times Ms. Hamm was an "employee" within the meaning of 42 U.S.C. §2000 (e), and C. R. S. § 24-34-401 (2).

10. Defendants Home Depot USA, Inc., and THD At-Home Services, Inc., are Delaware Corporations with a principal place of business in Atlanta, Georgia.

11. At all relevant times to this Complaint, Home Depot at Home Services was located at 3390 Peoria, Aurora, Colorado 80010, and is and has been a wholly owned subsidiary of Home Depot.

12. At all relevant times, both Defendants had continuously been doing business in the State of Colorado both individually and collectively, and each Defendant had and has continuously had at least fifteen (15) employees.

13. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701 (b)(g) and (h) of Title VII , 42 U.S.C. §§ 2000e (b)(g) and (h), and as defined in C.R. S. § 24-34-401 (3).

### IV. ALLEGATIONS

14. Ms. Hamm worked as a design specialist for Home Depot at Home Services for five years.

15. During this time, it was the custom and practice to receive leads for jobs from the Supervisor. Jon Trampe was Ms. Hamm's supervisor during all relevant times for this complaint. He would email her the leads, usually the night before, and she would then go

to the customers home at the appointed time, and give them a bid on the work they wanted completed.

16. Ms. Hamm was so successful that she was welcomed into the Millionaires Club, a group whose members had sold over a Million dollars of Home Depot products in the preceding year. She received a diamond ring and a trip to the Dominican Republic for her efforts. She took her partner with her on that trip where there were executives of Home Depot . Ms. Hamm and her partner made no attempt to hide their sexual orientation during this trip.

17. Before the trip, Ms. Hamm's partner fell and broke her leg. She was unable to drive, and so Ms. Hamm took time off of work to take her partner to her Doctor's appointments.

18. Ms. Hamm would advise Mr. Trampe of her absence by informing him that she needed to take Cynthia to an appointment. In early December, Trampe asked if Cynthia was her daughter. The plaintiff replied that no, she was her partner.

19. After this exchange, Ms. Hamm was called into the office to discuss a missed lead. After a long conversation, it was clear to all the parties that the missed lead was not Ms. Hamm's fault, and the conversation turned to other business matters. Ms. Hamm did not receive discipline of any sort for missing this appointment. She was not informed that she was facing disciplinary action for her conduct, and in fact, the conversation was more of a fact finding than a disciplinary conversation. This conversation took place in December of 2014.

20. After her boss learned of her sexual orientation, he became aloof and difficult to contact. Before he knew, he would often call on Ms. Hamm to answer other employee's

questions in the field.  After he learned she was gay, he stopped turning to her for advice and help.

21. Starting on March 27, 2015, Ms. Hamm had not received any leads.  She called and emailed Mr. Trampe, but got no answer.  This continued for several days, with Ms. Hamm emailing and calling Mr. Trampe, and his silence in reply.

22.  Ms. Hamm contacted, Mr. Trampe's boss, Yuda Arbeli and ask him to have Mr. Trampe give her her leads.

23. On March 30th Trampe did reply to her request for a day off for dental surgery, but did not provide her leads, nor inform her she was missing appointments.

24. On April 1, 2015, Mr. Trampe responded to her email and told Ms. Hamm they would discuss her lack of leads on April 2, 2015.   He also advised her to check her junk mail.

25.  Ms. Hamm checked her junk email and found two missed appointments.  She was stunned because she had not set up her computer to route Home Depot email to junk mail.

26.  On April 2, 2015, Ms. Hamm responded to headquarters for a scheduled meeting with the team. After the meeting she was asked to meet with Mr. Trampe.  At this meeting she was informed that she was being terminated for missing appointments.

27.   Ms. Hamm was floored.  There was no policy of which she was aware that would  have caused a termination for a missed appointment.  She was advised there was such a policy, but it was not produced for her.

28.  Ms. Hamm contacted Human Resources to ask for the policy but did not receive one.  She was told by Human Resources that they would investigate the situation and get back to her "soon".  On May 6, 2015 she was advised her termination would be upheld.

29.  No investigation was ever presented to Ms. Hamm, although she had provided copies of her phone calls and emails to Mr. Trampe to Human Resources showing that he did not respond.  A copy of the policy was given to Ms. Hamm regarding absences, but it applied to store personnel, and not the Designers.

30.  Ms. Hamm was aware that males had missed appointments and not been fired.

### V.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

31.  The Plaintiff incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

32. Defendants' executives participated in and/or condoned the unlawful employment practices described above, thereby discriminating against Plaintiff Hamm with respect to the terms and conditions of her employment based on her gender.

33.  The unlawful employment practice was termination of employment because Ms. Hamm is a woman.  By not providing leads to Ms. Hamm, they interfered with her ability to make customer contacts and terminated her for such failure.

34.  Defendants' managers, supervisors, and executives were aware of, and indeed intentionally participated in the discriminatory misconduct by not investigating Ms. Hamm's complaint regarding the leads.

6

35. Defendants' unlawful employment practices were intentional.

36. Defendants committed the unlawful employment practices with malice or with reckless indifference to the Plaintiff's federally protected rights.

37. The effect of these practices deprived the Plaintiff of equal employment opportunities and otherwise adversely affected the Plaintiff's employment status because of her gender as a woman.

38. As a proximate result of the Defendants' above-stated actions, Ms. Hamm has suffered losses, including but not limited to loss of wages, loss of promotions and emotional distress.

## SECOND CLAIM FOR RELIEF
## TERMINATION IN VIOLATION OF PUBLIC POLICY

39. Plaintiff incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

40. The State of Colorado has acknowledged a public interest in the freedom from discrimination on the basis of a number of protected classes, including gender, and has done so through the passage of laws prohibiting such conduct. *See* Discussion of C. R. S. § 24-34-401, *et seq., infra.* These laws were in effect at the time of the Plaintiff's termination of employment.

41. Defendants upheld the termination of Plaintiff's employment because she objected to and resisted the discriminatory conduct described in this Complaint-i.e. gender based termination- as it is prohibited under Colorado Law. Plaintiff's objections and resistance were offered in the good faith belief that Defendants were engaged in discriminatory conduct in the form of gender-based discrimination. But for her resistance to the De-

fendant's discriminatory conduct, the termination of the Plaintiff's employment would not have occurred.

42. Defendant's conduct was willful and wanton and attended by circumstances of malice and a reckless disregard for Ms. Hamm's rights.

43. As a direct result of Defendant's actions, Ms. Hamm has suffered significant damages, injuries, and losses.

### THIRD CLAIM FOR RELIEF
### DISCRIMINATION ON THE BASIS OF SEXUAL ORIENTATION

44. Plaintiff incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

45. Once Ms. Hamm had come out to her supervisor, he stopped providing the number of leads Ms. Hamm had once received.

46 .This subtle harassment and eventual termination was as a result of Ms. Hamm's sexual orientation and is a discriminatory and unfair employment practice, pursuant to C.R.S. § 24-34-402 (1) (a).

47. Defendants acted with malice or reckless indifference to the rights of Ms. Hamm.

48. Defendants acts were intentional discrimination.

49. As a direct result of the Defendant's actions Ms. Hamm has suffered significant damages injuries and losses and is entitled to punitive damages compensatory damages, back pay and reinstatement.

**WHEREFORE,** the Plaintiff respectfully requests that the Court enter judgment in her favor and against the Defendants jointly and severally, and award the following relief, to the fullest extent allowed by law:

a. Back pay and related compensation, and front pay, in amounts to be determined at trial;

b. Compensatory and consequential damages, as allowed;

c. Emotional distress damages, as allowed;

d. Punitive damages, as allowed;

e. Pre-judgment and post-judgment interest at the highest lawful rate and adjustment for tax consequences;

f. Attorney's fees and costs of this action, including expert witness fees as appropriate, and

g. Any such further relief as justice allows.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Dated this 13th day of October, 2015.

*/s/ Dana N. Mumey*

_____
Dana N. Mumey
20374 E. 49th Ave.
Denver, Colorado  80249
303-517-4414
jurispair@aol.com
Attorney for Kathleen M. Hamm


Plaintiff's Mailing Address:

Kathleen M. Hamm
5998 Shavano Place
Parker, Colorado  80134