**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:15-cv-02274-WYD-MJW

Kathleen M. Hamm,

     Plaintiff,

v.

HOME DEPOT USA, INC., d/b/a/ THE HOME DEPOT and THD AT-HOME SERVICES,
INC., d/b/a/ THE HOME DEPOT AT HOME SERVICES,

     Defendants.

---

## STIPULATED PROTECTIVE ORDER  ( Docket No 26-1)

     This matter comes before the Court on the parties' Stipulated Motion for Entry of Protective Order. The Court has reviewed that Motion. This action will involve the exchange of Confidential Information as defined in paragraph 6, which will consist of non-public, Confidential Information that must be exchanged under the protections of this Court to preserve the non-public, confidential nature of the information. To adequately protect the discovery and dissemination of Confidential Information, expedite the flow of discovery, and facilitate the prompt resolution of disputes over confidentiality, it is HEREBY ORDERED that:

     1.    This Protective Order shall apply to all documents, materials and information that come within its scope as defined in paragraph 6 below, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and all other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

EXHIBIT A

2.      For purposes of this Order, "Document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      For purposes of this Order, "Producing Party" means a party that produces Confidential Information or other information in connection with this litigation.

4.      For purposes of this Order, "Recipient" means a named party in this litigation (or counsel thereto and their agents) who receives Confidential Information or other information in connection with the litigation.

5.      Documents or information produced or provided by the parties during the course of discovery in the above matter may be designated as "Confidential" or "Confidential Information for Attorneys' Eyes Only" in accordance with paragraphs 6 and 8 below by the Producing Party so long as the party who seeks confidentiality has a good faith belief that such document or information is entitled to confidentiality under the terms of this Order as defined in paragraph 6.

6.      For purposes of this Order, "Confidential Information" means information that is defined in Colorado common law and statutory privacy and/or confidentiality interests such as (a) personnel or personal information of employees or former employees of THD At-Home Services, Inc., d/b/a The Home Depot At Home Services ("THD"), including Plaintiff, (b) trade secrets, proprietary information, commercial or financial information or business confidential documents that are maintained confidential in the ordinary course of business for any party or subsidiary or affiliate of any party, (c) medical records, (d) tax returns, or (e) any aggregation of the above categories of information. The Order shall only apply to Confidential Information as defined in this paragraph. The Order shall not apply to public information or information that has

2

not been previously kept in a confidential manner. The identification of an individual document or category of documents or information as Confidential Information may be challenged pursuant to paragraph 11 of this Order. Confidential Information shall not be disclosed or used for any purpose except for the preparation and trial of this case.

7.     Before any information is designated as "Confidential Information," counsel of record for the Producing Party must first review the information and make a determination, in good faith, that the documents and/or information are confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c). However, all medical, tax and employment records of Plaintiff shall be deemed confidential even if they are obtained directly by Defendant through authorization by Plaintiff and even if not stamped beforehand as confidential by Plaintiff.

8.     The Producing Party may designate Confidential Information as being "Confidential Information for Attorneys' Eyes only" or a reasonable equivalent.  This designation shall be deemed to include a separate designation of information as Confidential Information, and such Confidential Information shall be limited to counsel or record in this action and employees of counsel in this action who have been actively engaged in the conduct of this litigation.

9.     To designate Confidential Information on Documents, the Producing Party shall place a legend or stamp upon the Document indicating such in a way that brings the designation to the attention of a reasonable examiner, or otherwise puts the Recipient on reasonable notice that it contains Confidential Information, which notice may also be contained in separate correspondence within ten (10) days after production.  To designate Confidential Information in testimony (or in exhibits referred to therein), the Producing Party shall (a) make an oral

statement to that effect on the record, or (b) notify the Recipient in writing at any time up until twenty (20) days after receipt of the transcript. Pending expiration of this twenty (20) day period, the Recipient shall treat all such testimony (and exhibits referred to therein) as if they had been designated as "Confidential Information." To designate Confidential Information that is stored or recorded in the form of electronic or magnetic media (including information, files, e-mails, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes), the Producing Party shall affix a label on the media or casing indicating such in a way that brings the designation to a reasonable examiner or, where not practical, include a cover letter referring generally to such media.

10.    The Recipient of Confidential Information shall use that information solely in connection with this litigation and shall not disclose Confidential Information, except that such information may be disclosed to:

a)    counsel of record in this action and employees and independent contractors of counsel in this action who have been actively engaged in the conduct of this litigation;

b)    the parties, including the designated representatives for Defendant;

c)    the Court and its employees (including court reporters);

d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

e)    THD's parent, subsidiaries' or affiliates' in-house counsel;

f)    deponents, witnesses or potential witnesses, subject to the provisions of Paragraph 11 below; and

g)    other person(s) by written agreement of the parties.

4

11.     Prior to disclosure of Confidential Information to persons described in paragraphs 9(d), 9(f) or 9(g), the Recipient shall advise that person that, pursuant to this Order, he or she may not divulge such information to any other individual and obtain the person's agreement to comply with this Order.   Prior to such disclosure, each individual receiving Confidential Information shall execute an Agreement in the form annexed hereto as Exhibit A.   Each original executed Agreement shall be maintained in the files of counsel for the Recipient and shall be available for review by all counsel and parties upon reasonable notice. This Order shall not apply to court personnel or jurors.

12.     In the event the Recipient disputes the Producing Party's designation of individual documents or a category of documents or information as Confidential Information or "Confidential Information for Attorneys' Eyes Only", the Recipient shall notify the Producing Party in writing of such dispute.   The written notice shall identify the information to which objection is made.   The parties shall meet and confer to determine whether the restrictions imposed by this Order are warranted with respect to such disputed information.   If resolution of the dispute cannot be reached, it shall be the obligation of the Producing Party to file an appropriate motion, within ten (10) days after the parties have conferred, requesting that the Court determine whether the disputed information should be subject to the terms of this Order. In connection with such an application, the Producing Party shall bear the burden to show that the information is entitled to continued protection under the Federal Rules of Civil Procedure and applicable case law.   During the pendency of such dispute, and until the Court may rule otherwise, the information designated Confidential Information or "Confidential Information for Attorneys' Eyes Only" shall remain subject to the designations and restrictions of this Order.

13.    Inadvertent failure to designate Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the Producing Party by written notification to the Recipient promptly upon discovery of the failure to designate.

14.    All Confidential Information obtained by a Recipient in discovery in this litigation shall be used by the Recipient solely for the prosecution or defense of the claims in this litigation, and shall not be used by the Recipient for any business, commercial, competitive, personal, publicity, media purpose, except that nothing herein shall preclude THD (or a subsidiary or affiliate of it) from pursuing legal or other business action in discovered instances of misconduct as to its own current and former employees or ensuring that its employees are acting in accordance with the law.

15.    The duty to keep confidential any information or documents designated as confidential survives the completion of this case. Within 30 days after the conclusion of this litigation, unless other arrangements are agreed upon, Counsel for Plaintiff and Defendant will gather into their possession each document and copies thereof which have been designated as CONFIDENTIAL and distributed to experts and the Court. One complete set of such confidential documents shall be stored by each attorney in this case in a manner which will preclude others from obtaining such documents.

16.    The parties acknowledge that this Order does not entitle them to seal Confidential Information filed with the Court. In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who

6

designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and

evidentiary motions), submitting the document solely for *in camera* review; or, (c) when the

preceding measures are inadequate, seeking leave to file the document or portions thereof under

~~seal~~ by filing a written motion for leave to file under ~~seal~~. The submitting party may file a

document designated as confidential under this Order as a separate ~~sealed~~ exhibit before a

~~sealing~~ order is obtained. However, contemporaneously with that filing, the party must file a

motion for leave to file the document under ~~seal~~, identifying the party that has designated the

material as confidential ("the designating party"). If the party filing the document containing

Confidential Information is the designating party, the motion for leave to file under ~~seal~~ should

include a declaration identifying the Confidential Information contained in the document and

explaining why the document ~~is sealable~~. If the party filing the document is not the designating

party, the designating party must file a declaration identifying the Confidential Information

contained in the document and stating whether the designated material ~~is sealable~~, and if so why,

within fourteen (14) days of the filing of the motion to file under ~~seal~~. If the designating party

does not file a responsive declaration within the fourteen day time period, the submitting party

may file the document in the public record no earlier than four days, and no later than ten days,

after the motion is denied.

17.     If a party is served with a subpoena or a court order issued in another matter that

compels disclosure of any information or items designated in this action as "Confidential," that

party must promptly notify in writing the Producing Party. Such notification shall include a copy

of the subpoena or court order. That party must also promptly notify in writing the individual or

party that caused the subpoena or order to issue that some or all of the material covered by the

subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order. If the Producing Party timely seeks a protective order in connection with the demand for production of Confidential Information, the party served with the subpoena or court order shall not produce any Confidential Information before a determination by the court from which the subpoena or order issued. The Producing Party shall bear the burden and expense of seeking protection of Confidential Information and nothing in these provisions should be construed as authorizing or encouraging a Recipient in this action to disobey a lawful directive.

18.     Nothing in this Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product privilege, or any other relevant privilege. Further, inadvertent production of privileged information shall not waive the privilege. If privileged information is inadvertently produced, the Recipient agrees that, upon request from the Producing Party, it shall promptly return all copies of Documents containing the privileged information, delete any versions of the Documents containing the privileged information on any database or computer filing system it maintains, and make no use of the privileged information.

19.     The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, a confidential document may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice to opposing counsel of the intended use of the confidential document as may be required by a scheduling or other order. Any party may move the Court for an order that the confidential document be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the

proffered evidence should continue to be treated as a confidential document and, if so, what protection(s) may be afforded to such information at the trial or hearing.

20.     Nothing in this Order shall prohibit any party from objecting to the admissibility or use of Confidential Information.   Nothing in this Order shall preclude any Confidential Information from being used as evidence by either party in this civil action.   Confidential Information may be used during trial to the extent permitted by Federal Rules of Evidence.

21.     In the event Plaintiff or her counsel obtain information from a third party outside this litigation that THD maintains as confidential in the ordinary course of business, THD may designate such information Confidential Information pursuant to this Order and it shall be treated as such in accordance with this Order.

22.     If a Recipient discloses Confidential Information in a manner not authorized herein, the Recipient must immediately and in writing notify the Producing Party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the Producing Party, make every effort to prevent further disclosure by the Recipient or by the person to whom the Recipient disclosed such information.

23.     The Court shall retain jurisdiction, ~~both before and after entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the~~ provisions of this Order until Termination of This Case unless Independent Jurisdiction can be shown.   MJW 1-6-16

24.     The parties (and any persons described in paragraphs 9(d), 9(f) or 9(g) that executed the Agreement attached as Exhibit A) agree to be bound by this Order, both before and after the entry of final judgment in this case, whether by settlement or adjudication.   This Court shall have jurisdiction to enforce, construe, or amend this Order until the final disposition of the

case, and the parties may seek leave to reopen the case after the litigation terminates to enforce the provisions of this Order.

Dated: _January 6, 2016_

SO ORDERED:

_____

# EXHIBIT A

## AGREEMENT CONCERNING INFORMATION COVERED BY A PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

The undersigned hereby acknowledges that he/she has read the Protective Order in *Kathleen Hamm v. Home Depot USA Inc. et al.*, Civil No. 1:15-cv-02274-WYD-MJW, and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing its terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Information made available to him/her other than in accordance with the Order.

Dated: _____, 2016

By: _____

_____
(Type or print name of individual)

Of: _____
        Name of Employer

11